# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CR-00015

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

**v.**

**DEMETRIUS CORTEZ WILLIAMS**                                              **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Defendant Demetrius Cortez Williams's Motion to Suppress Fruits of Electronic Surveillance (DN 345). Plaintiff has responded (DN 350). No reply has been filed. This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

In late 2008 and early 2009, the Court authorized wiretaps on three phones used by Williams. Based in part on evidence obtained from these wiretaps, Williams and twenty other defendants were indicted for conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, commonly known as "crack." Williams now seeks to suppress all evidence related to information derived from the wiretaps. Specifically, Williams argues that other investigative techniques existed which obviated the need for electronic surveillance.[1] He also argues that because the Government lacked the requisite necessity for the initial wiretap, all subsequent interceptions and warrants relying on those interceptions fail under the fruit of the poisonous tree doctrine and the exclusionary rule.

---

[1] In his motion, Williams identified fifteen deficiencies in the Court's authorization. The only ground discussed in his accompanying memorandum (DN 346), however, was the lack of requisite necessity. Because he provided no legal or factual argument in support of the other claimed deficiencies, the Court will not address them.

## STANDARD

The Sixth Circuit recently set forth the standard for evaluating whether an application for a wiretap meets the "necessity requirement":

> Title III requires that an application for a wiretap order contain "'a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002) (quoting 18 U.S.C. § 2518(1)(c)). This is referred to as the "necessity requirement." *Id.* The purpose of the necessity requirement is "to ensure that a wiretap 'is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.'" *United States v. Alfano*, 838 F.2d 158, 163 (6th Cir. 1988) (quoting *United States v. Kahn*, 415 U.S. 143, 153 n. 12 (1974)). Further, the necessity requirement protects against the impermissible use of a wiretap as the "initial step in [a] criminal investigation." *United States v. Giordano*, 416 U.S. 505, 515 (1974).
> 
> Although Title III sets forth elaborate procedures for obtaining permission to use a wiretap, "the government is not required to prove that every other conceivable method has been tried and failed or that all avenues of investigation have been exhausted." *Alfano*, 838 F.2d at 163. Rather, "[a]ll that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate." *Id.* at 163-64 (internal quotation marks omitted). "While the prior experience of investigative officers is indeed relevant in determining whether other investigative procedures are unlikely to succeed if tried, a purely conclusory affidavit unrelated to the instant case and not showing any factual relations to the circumstances at hand would be . . . inadequate compliance with the statute." *United States v. Landmesser*, 553 F.2d 17, 20 (6th Cir. 1977).

*United States v. Rice*, 478 F.3d 704, 709-710 (6th Cir. 2007).

## ANALYSIS

Williams argues that the use of a confidential source ("CS-1"), pen registers and physical surveillance rendered a wiretap unnecessary. He points to several uncontested facts to support this argument. The CS-1 purchased crack from Williams and other co-defendants on several occasions. These transactions were successfully recorded. The CS-1 also recorded telephone

2

conversations with Williams. The pen trap revealed regular communications between Williams and at least ten identified co-conspirators or uncharged targets. Surveillance revealed one co-defendant driving to Williams's residence to pick up the crack.

The Government responds to this argument by stating that the purpose of the investigation was broader than arresting and prosecuting Williams; wiretaps were necessary to identify his sources of supply and all other co-conspirators.

The Court has closely reviewed the October 24, 2008, Affidavit in Support of Application for Authorization to Intercept Wire Communications ("Affidavit"). The Affidavit provides a detailed explanation of alternative investigative techniques and why they had been or would be inadequate to accomplish the investigative objectives. The Court finds the investigators gave serious consideration to the non-wiretap techniques prior to applying for wiretap authority. On some occasions the investigators tried other investigative techniques. When other investigative techniques were not tried the investigators have provided solid reasons as to why those techniques were inadequate or inappropriate. The Affidavit was not purely conclusory but was supported by facts and investigative experience. Because the requisite necessity was present for the initial wiretap, Williams's argument regarding the subsequent interceptions fails. The wiretaps were necessary because the investigation had "failed to conclusively identify all of the conspirators, including all sources of supply, other couriers, distributors, or customers, or define the full nature and scope of the organization."

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion is DENIED.